IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CTI SYSTEMS, S.A.,

               Plaintiff,　　　　　　　OPINION & ORDER

  v.

  　　　　　　　　　　　　　　　　　　14-cv-744-jdp

GLOBAL FINISHING SOLUTIONS, LLC,

               Defendant.

---

Plaintiff CTI Systems, S.A., brings this civil action for a breach of contract, alleging diversity of citizenship as grounds for this court's subject matter jurisdiction. CTI Systems alleges that defendant Global Finishing Solutions, LLC, (GFS) breached a contract between the parties by improperly installing air-handling units into an environmental room. CTI Systems now seeks money damages for the breach. But the allegations in the complaint are insufficient to determine if the parties are truly diverse, and thus, whether jurisdiction is proper under 28 U.S.C. § 1332(a). The court will therefore give CTI Systems an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

ANALYSIS

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further,

the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03. Here, CTI Systems contends that the court has jurisdiction because the parties are diverse. Dkt. 1, ¶ 3. Unfortunately, CTI Systems's allegations are insufficient to allow this court to determine GFS's citizenship.

GFS is a limited liability company, and "the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). However, CTI Systems has not alleged the citizenship of GFS's members, making it impossible to determine whether complete diversity exists in this case. Instead, CTI Systems alleges that GFS "is a foreign corporation organized under the laws of the State of Delaware with a principal office located at 12731 Norway Road, Osseo WI." Dkt. 1, ¶ 2.[1] As the Seventh Circuit has instructed, this information is not relevant when deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, CTI Systems may have leave to file within 14 days of this order an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenships of each of GFS's members. In alleging GFS's citizenship, CTI Systems should be aware that if any of the LLC's members are themselves limited liability companies, partnerships, or other similar entities, then the citizenship of those members and partners must be alleged as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

---

[1] GFS admitted CTI Systems's diversity allegations. Dkt. 4, ¶¶ 2-3. This appears to have been an oversight, and in any event, the court has an independent obligation to ensure that it has subject matter jurisdiction. *Hertz*, 559 U.S. at 94.

ORDER

IT IS ORDERED that:

1. Plaintiff CTI Systems, S.A. shall have until January 5, 2015, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to amend timely will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 22nd day of December, 2014.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge