IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CTI SYSTEMS, S.A.,

                    Plaintiff,

  v.

GLOBAL FINISHING SOLUTIONS, LLC,

                    Defendant.

ORDER

14-cv-744-jdp

---

      Defendant Global Finishing Solutions, LLC has moved for "Proper Designation" under Federal Rule of Civil Procedure 8(c). Dkt. 95. In short, Global Finishing wants to recast four of its affirmative defenses as counterclaims and then present the jury with special verdict questions on these counterclaims. The court will deny Global Finishing's motion for several reasons.

      First, Global Finishing's motion comes awfully late in the game, and granting it would cause substantial prejudice to plaintiff CTI Systems, S.A. Rule 8(c)(2) provides that "[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." Global Finishing emphasizes the word "must," Dkt. 95, ¶ 12, but the following phrase is more important: "if justice requires."

      Trial begins in less than two weeks. From the beginning, the parties have presented this case as a relatively straightforward action for breach of contract. CTI filed suit in October 2014, alleging breach of contract and breach of warranty. Global Finishing answered more than a year ago, asserting eight affirmative defenses and no counterclaims. Since then, the parties have completed discovery, briefed a motion for summary judgment, and prepared for

trial. Global Finishing's motion seeks to undo all of this work. CTI never had the opportunity to move for summary judgment on any counterclaims, and providing that opportunity now would require completely rescheduling this case. Pressing on with the counterclaims under the current schedule would be manifestly unfair to CTI, which would have to revamp its trial strategy in just over a week, without the benefit of discovery. It is simply too late for Global Finishing to try to go on the offensive and assert counterclaims in this case. *See* 2 James Wm. Moore et al., *Moore's Federal Practice* § 8.08[7] (3d ed. 2015) ("[A] district court has discretion to refuse to redesignate when the need to do so is not obvious and there is no timely request for redesignation.").[1] Under these circumstances, justice does not require permitting Global Finishing to redesignate its affirmative defenses as counterclaims.

Even if it were appropriate to incorporate counterclaims into the case this close to trial, the court would deny Global Finishing's motion for a second reason: the proposed counterclaims are not actually counterclaims. The first proposed counterclaim—failure to mitigate—is an affirmative defense under Wisconsin law, not an independent claim. *Sprecher v. Weston's Bar, Inc.*, 78 Wis. 2d 26, 253 N.W.2d 493, 502 (1977).

Global Finishing is closer to the mark with its other proposed counterclaims—breach of contract, misrepresentation, and breach of the covenant of good faith—because Wisconsin law recognizes these as affirmative claims. The problem, however, is that Global Finishing is not really asserting claims against CTI. Rather, Global Finishing is trying to twist its defenses

---

[1] The cases to which Global Finishing cites do not compel a contrary result. *Global Crossing Bandwidth, Inc. v. Locus Telecommunication, Inc.*, 632 F. Supp. 2d 224 (W.D.N.Y. 2009), involved recasting counterclaims as affirmative defenses at the summary judgment stage, and *United States v. United States Steel Corporation*, 391 F. Supp. 234 (N.D. Ill. 1974), involved designating an affirmative defense as a counterclaim for purposes of a motion to dismiss. Neither case supports using Rule 8(c)(2) to add counterclaims within days of trial.

into counterclaims. According to Global Finishing, CTI was responsible for the temperatures around the air handling units, either under the parties' contract or by voluntarily assuming that duty after Global Finishing identified problems with the proposed design. Global Finishing's amended answer alleges that as a result of CTI's breach of the parties' contract, or misrepresentation, or breach of the covenant of good faith, Global Finishing was not obligated to perform under the contract. Dkt. 12, at 6-8. Put differently, Global Finishing alleges that CTI is responsible for its own damages. But, tellingly, Global Finishing does *not* allege that CTI's breaches or misrepresentations caused Global Finishing any damages, nor does Global Finishing seek relief for any damages. These would be the hallmarks of a counterclaim. Thus, the counterclaims that Global Finishing proposes to assert are just arguments about what the parties agreed to in their contract and why Global Finishing should not be held liable for CTI's damages. They are, in a word, defenses.

Global Finishing is free to present its defenses to the jury; this order does not prevent it from doing so. But the court will not construe Global Finishing's defense as counterclaims just so that Global Finishing can pose specific questions to the jury in a special verdict form.

ORDER

IT IS ORDERED that defendant Global Finishing Solutions, LLC's Rule 8(c) motion for proper designation, Dkt. 95, is DENIED.

Entered February 18, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge